**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Mohammad Kauser, Calvin Garner, Richard
Todd, and Patrick Okolie,

                              *Plaintiff*,

        - against -

MHF 5th Ave., LLC, and MHF Pitkin LLC

                          *Defendants*.
-------------------------------------------------------------X

Case No.: 22-cv-05121

**Jury Trial Demanded**

**FIRST AMENDED**
**COMPLAINT**

       Plaintiff Mohammad Kauser ("Kauser"), Calvin Garner ("Garner"), Richard Todd

("Todd"), and Patrick Okolie ("Okolie", and collectively, the "Plaintiffs") by and through their

attorneys, Levin-Epstein & Associates, P.C., brings this first amended complaint against

Defendants MHF 5th Ave., LLC, and MHF Pitkin LLC (collectively, the "Defendants"), and

states as follows:

### NATURE OF THE ACTION

      1.    Plaintiffs bring this lawsuit seeking recovery against Defendants' violations of the

Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19

of the New York State Labor Law ("NYLL") and their supporting New York State Department

of Labor regulations.

      2.    Plaintiffs seek injunctive and declaratory relief and to recover unpaid minimum

wages, overtime wages, spread-of-hours, liquidated and statutory damages, pre- and post-

judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's

Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216

(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs'

claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28

U.S.C. § 1331 because their claims arise under the FLSA.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all

events relevant to this action occurred in this District, and the acts and omissions giving rise to

the claims herein alleged took place in this District.

## THE PARTIES

### PLAINTIFF MOHAMMAD KAUSER

6.      Plaintiff Kauser was employed as a crew member at Defendants' fast-food

restaurants, known as "Taco Bell" located at: (i) 1665 Pitkin Ave., Brooklyn, NY 11212 ("Taco

Bell – Pitkin Ave."); and (ii) 5118 5th Ave., Brooklyn, NY 11220 ("Taco Bell – 5th Ave.").

7.      Plaintiff Kauser was employed as a non-managerial employee at: (i) "Taco Bell –

Pitkin Ave."; and (ii) "Taco Bell – 5th Ave." from on or around May 2021 through and including

June 2022.

8.      At all relevant times, Plaintiff Kauser has been an employee within the meaning of

Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9.      At all relevant times, Plaintiff Kauser has been a manual worker within the

meaning of NYLL § 191(1)(a).

### PLAINTIFF CALVIN GARNER

10.     Plaintiff Garner was employed as a crew member at Defendants' fast-food

restaurants, known as "Taco Bell" located at: (i) ("Taco Bell – Pitkin Ave").

11.    Plaintiff Garner was employed as a non-managerial employee at: (i) "Taco Bell – Pitkin Ave." from on or around January 2022 through and including March 2022.

12.    At all relevant times, Plaintiff Garner has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13.    At all relevant times, Plaintiff Garner has been a manual worker within the meaning of NYLL § 191(1)(a).

**PLAINTIFF RICHARD TODD**

14.    Plaintiff Todd was employed as a crew member at Defendants' fast-food restaurants, known as "Taco Bell" located at: (i) ("Taco Bell – Pitkin Ave").

15.    Plaintiff Todd was employed as a non-managerial employee at: (i) "Taco Bell – Pitkin Ave." from on or around January April 8, 2021 through and including June 2022.

16.    At all relevant times, Plaintiff Todd has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

17.    At all relevant times, Plaintiff Todd has been a manual worker within the meaning of NYLL § 191(1)(a).

**PLAINTIFF PATRICK OKOLIE**

18.    Plaintiff Okolie was employed as a crew member at Defendants' fast-food restaurants, known as "Taco Bell" located at: (i) "Taco Bell – Pitkin Ave."; (ii) "Taco Bell – 5th Ave."; and (iii) 135-79th St., Queens, NY 11414 ("Taco Bell – 135-79th St.").

19.    Plaintiff Okolie was employed as a non-managerial employee at (i) "Taco Bell – Pitkin Ave."; (ii) "Taco Bell – 5th Ave."; and (iii) "Taco Bell – 135-79th St." from on or around October 2021 through and including January 13, 2023.

20.     At all relevant times, Plaintiff Okolie has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

21.     At all relevant times, Plaintiff Okolie has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT MHF 5TH AVE., LLC**

22.     Upon information and belief, Defendant MHF 5th Ave., LLC is a limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at (i) 1665 Pitkin Ave., Brooklyn, NY 11212; and (ii) 5118 5th Ave., Brooklyn, NY 11220, and an alternate addresses at: (iii) 100 Menlo Park Mall, Suite 500, Edison, NJ 08837.

1.     At all times relevant to this Complaint, Defendant MHF 5th Ave., LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

2.     At all times relevant to this Complaint, Defendant MHF 5th Ave., LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

3.     At all times relevant to this Complaint, Defendant MHF 5th Ave., LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

4.     Defendant MHF 5th Ave., LLC possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and

compensation of Plaintiffs referred to herein.

5.      Defendant MHF 5th Ave., LLC had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

**DEFENDANT MHF PITKIN LLC**

6.      Upon information and belief, Defendant MHF Pitkin LLC is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at (i) 1665 Pitkin Ave., Brooklyn, NY 11212; (ii) 5118 5th Ave., Brooklyn, NY 11220, (iii) 135-79th St., Queens, NY 11414; and an alternate addresses at: (iii) 100 Menlo Park Mall, Suite 500, Edison, NJ 08837.

7.      At all times relevant to this Complaint, Defendant MHF Pitkin LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

8.      At all times relevant to this Complaint, Defendant MHF Pitkin LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

9.      At all times relevant to this Complaint, Defendant MHF Pitkin LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

10.      Defendant MHF Pitkin LLC possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation

of Plaintiffs referred to herein.

11.     Defendant MHF Pitkin LLC had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

12.     Defendants own, operate and/or control the fast-food restaurants, known as "Taco Bell" located at: (i) 1665 Pitkin Ave., Brooklyn, NY 11212 (*i.e.,* "Taco Bell – Pitkin Ave."); (ii) 5118 5th Ave., Brooklyn, NY 11220 (*i.e.,* "Taco Bell – 5th Ave."); and (iii) 135-79th St., Queens, NY 11414 (*i.e.,* "Taco Bell – 135-79th St.").

13.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

14.     Each Defendant possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs referred to herein.

15.     Defendants jointly employed Plaintiffs, and are Plaintiffs' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

16.     In the alternative, Defendants constitute a single employer of Plaintiffs.

17.      Upon information and belief, Defendants fail to operate as entities legally separate and apart from one another, by, among other things:

a.     failing to adhere to the corporate formalities necessary to operate as separate and legally distinct entities;

b.     defectively forming or maintaining the entities, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.       transferring assets and debts freely as between all Defendants;

d.       operating corporate entities for their own benefit and maintaining control over them as closed corporations or closely controlled entities;

e.       intermingling assets and debts of their own with the corporate entities;

f.       diminishing and/or transferring assets of the corporate entities to protect their own interests; and

g.       other actions evincing a failure to adhere to the corporate form.

18.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

19.     Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

### FACTUAL ALLEGATIONS

### *Factual Allegations Pertaining Specifically to Plaintiff Kauser*

20.     Plaintiff Kauser was an employee of Defendants.

21.     Plaintiff Kauser was employed as a crew member at the "Taco Bell" fast-food restaurants located at: (i) 1665 Pitkin Ave., Brooklyn, NY 11212 (*i.e.,* "Taco Bell – Pitkin Ave."); and (ii) 5118 5th Ave., Brooklyn, NY 11220 (*i.e.,* "Taco Bell – 5th Ave.").

22.     From approximately May 2021 through and including March 2022, Plaintiff Kauser worked six (6) to seven (7) days per week at "Taco Bell – Pitkin Ave.", as follows: either approximately 8:30 a.m. to 7:00 p.m. or 9:00 p.m.  (*i.e.,* 10.5 to 12.5 hours per day), or approximately 3:30 p.m. to 4:00 a.m.  (*i.e.,* 12.5 hours per day), for a total period of approximately 63 to 87.5 hours during each of the weeks, respectively.

23.     From approximately April 2022 through and including June 2022, Plaintiff Kauser worked six (6) to seven (7) days per week at "Taco Bell – 5th Ave."., as follows: either approximately 8:30 a.m. to 7:00 p.m. or 9:00 p.m.  (*i.e.,* 10.5 to 12.5 hours per day) (*i.e.,* a "morning shift"), or approximately 3:30 p.m. to 4:00 a.m.  (*i.e.,* 12.5 hours per day) (*i.e.,* an "overnight shift"), for a total period of approximately 63 to 87.5 hours during each of the weeks, respectively.

24.     From approximately May 2021 through and including July 2021, Defendants paid Plaintiff Kauser $15 per hour.

25.     From approximately August 2021 through and including June 2022, Defendants paid Plaintiff Kauser $17.50 per hour.

26.     Throughout the relevant period, Defendants had a policy and practice commonly known as "time shaving". Specifically, Defendants would only pay Plaintiff Kauser for some – but not all hours worked, by forcing Plaintiff Kauser to "clock-in" at around 9:00 a.m., *i.e.,* (30) minutes later each morning, despite the fact that Plaintiff Kauser would start their morning shifts at approximately 8:30 a.m.

27.     In addition, Defendants would force Plaintiff Kauser to "clock-out" at around 6:00 p.m. (if Plaintiff Kauser was working a morning shift) or at around 2:00 a.m. (if Plaintiff Kauser was working an overnight shift), despite the fact that Plaintiff would actually end their shifts at approximately 7:00 p.m. or 9:00 p.m. (if Plaintiff Kauser was working a morning shift), and approximately around 4:00 a.m.  (if Plaintiff Kauser was working an overnight shift).

28.     As a result, Plaintiff Kauser was forced to work off the clock, without pay, during this period.

29.     Plaintiff Kauser was required to work in excess of forty (40) hours per week, but

never received an overtime premium of one and one-half times their regular rate of pay for those hours.

30.     At all relevant times, Defendants did not pay Plaintiff Kauser at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

31.     Defendants did not provide Plaintiff Kauser a statement of wages, as required by NYLL 195(3).

32.     Defendants did not give any notice to Plaintiff Kauser of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

33.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Kauser regarding wages as required under the FLSA or NYLL.

34.     Defendants' failure to provide accurate wage notices and accurate wage statements denied Plaintiff Kauser their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

35.     Moreover, the breach of the obligations injured Plaintiff Kauser by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

### *Factual Allegations Pertaining Specifically to Plaintiff Garner*

36.     Plaintiff Garner was an employee of Defendants.

37.     Plaintiff Garner was employed as a crew member at the "Taco Bell" fast-food restaurants located at: (i) 1665 Pitkin Ave., Brooklyn, NY 11212 (*i.e.,* "Taco Bell – Pitkin Ave.").

38.     From approximately January 2022 through and including March 2022, Plaintiff Garner worked six (6) days per week at "Taco Bell – Pitkin Ave." as follows: either approximately 8:30 a.m. to 7:00 p.m. or 9:00 p.m. (*i.e.,* 10.5 to 12.5 hours per day) (*i.e.,* a "morning shift"), or

approximately 3:30 p.m. to 4:00 a.m. (*i.e.*, 12.5 hours per day) (*i.e.,* an "overnight shift"), for a total period of approximately 69 hours during each of the weeks, respectively.

39.     From approximately January 2022 through and including March 2022, Defendants paid Plaintiff Garner $17.50 per hour.

40.     Throughout the relevant period, Defendants had a policy and practice commonly known as "time shaving". Specifically, Defendants would only pay Plaintiff Garner for some – but not all hours worked, by forcing Plaintiff Garner to "clock-in" at around 9:00 a.m., *i.e.,* (30) minutes later each morning, despite the fact that Plaintiff Garner would start their morning shifts at approximately 8:30 a.m.

41.     In addition, Defendants would force Plaintiff Garner to "clock-out" at around 6:00 p.m. (if Plaintiff Garner was working a morning shift) or at around 2:00 a.m. (if Plaintiff Garner was working an overnight shift), despite the fact that Plaintiff would actually end their shifts at approximately 7:00 p.m. or 9:00 p.m. (if Plaintiff Garner was working a morning shift), and approximately around 4:00 a.m.  (if Plaintiff Garner was working an overnight shift).

42.     As a result, Plaintiff Garner was forced to work off the clock, without pay, during this period.

43.     Plaintiff Garner was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times their regular rate of pay for those hours.

44.     At all relevant times, Defendants did not pay Plaintiff Garner at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

45.     Defendants did not provide Plaintiff Garner a statement of wages, as required by NYLL 195(3).

46.     Defendants did not give any notice to Plaintiff Garner of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

47.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Garner regarding wages as required under the FLSA or NYLL.

48.     Defendants' failure to provide accurate wage notices and accurate wage statements denied Plaintiff Garner their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

49.     Moreover, the breach of the obligations injured Plaintiff Garner by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

### Factual Allegations Pertaining Specifically to Plaintiff Todd

50.     Plaintiff Todd was an employee of Defendants.

51.     Plaintiff Todd was employed as a crew member at the "Taco Bell" fast-food restaurants located at: (i) 1665 Pitkin Ave., Brooklyn, NY 11212 (*i.e.,* "Taco Bell – Pitkin Ave.").

52.     From approximately April 8, 2021 through and including June 2022, Plaintiff Todd worked   five (5) to six (6) days per week at "Taco Bell – Pitkin Ave." as follows: either approximately 5:00 p.m. or 6:00 p.m. to 3:00 a.m. (*i.e.*, 9 to 10 hours per day) (*i.e.,* an "overnight shift"), for a total period of approximately 45 to 60  hours during each of the weeks, respectively.

53.     From approximately April 8, 2021 through and including October 2021, Defendants paid Plaintiff Todd $15.00 per hour.

54.     From approximately November 2021 through and including June 2022, Defendants paid Plaintiff Todd $16.75 per hour.

55.     Throughout the relevant period, Defendants had a policy and practice commonly

known as "time shaving". Specifically, Defendants would only pay Plaintiff Todd for some – but not all hours worked, by forcing Plaintiff Todd to "clock-out" at around 2:00 a.m. (if Plaintiff Todd was working an overnight shift), despite the fact that Plaintiff would actually end their shifts at approximately around 3:00 a.m.  (if Plaintiff Todd was working an overnight shift).

56.    As a result, Plaintiff Todd was forced to work off the clock, without pay, during this period.

57.    Plaintiff Todd was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times their regular rate of pay for those hours.

58.    At all relevant times, Defendants did not pay Plaintiff Todd at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

59.    Defendants did not provide Plaintiff Todd a statement of wages, as required by NYLL 195(3).

60.    Defendants did not give any notice to Plaintiff Todd of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

61.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Todd regarding wages as required under the FLSA or NYLL.

62.    Defendants' failure to provide accurate wage notices and accurate wage statements denied Plaintiff Todd their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

63.    Moreover, the breach of the obligations injured Plaintiff Todd by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

***Factual Allegations Pertaining Specifically to Plaintiff Okolie***

64.     Plaintiff Okolie was an employee of Defendants.

65.     Plaintiff Okolie was employed as a crew member at the "Taco Bell" fast-food restaurants located at: (i) 1665 Pitkin Ave., Brooklyn, NY 11212 (*i.e.,* "Taco Bell – Pitkin Ave."); and (ii) 135-79th St., Queens, NY 11414 (*i.e.,* "Taco Bell – 135-79th St.").

66.     From approximately October 2021 through and including November 2021, Plaintiff Okolie worked  five (5) to six (6) days per week at "Taco Bell – Pitkin Ave."  as follows, either approximately: (i) 10:00 a.m. to 7:00 p.m. or 8:00 p.m. (*i.e.*, 9 to 10 hours per day) (*i.e.,* a "morning shift"); (ii) 7:00 a.m. to 5:00 p.m. or 6:00 p.m. (*i.e.*, 10 to 11 hours per day) (*i.e.,* an "overnight shift"); (iii) 3:00 p.m. to 1:30 a.m. (*i.e.*, 10.5 hours per day) (an "evening shift"), for a total average period of approximately 55 hours during each of the weeks, respectively.

67.     From December 1, 2021 to, through and including, December 19, 2022, Plaintiff Okolie worked seven (7) days per week at Taco Bell – 135-79th St. as follows, 6:30 a.m. or 7:00 a.m. to 1:30 a.m. or 2:00 a.m. (*i.e.,* 19 or 19.5 hours per day) (*i.e.,* a "double shift") for a total average period of approximately 134.8 hours during each of the weeks, respectively.

68.     From December 20, 2022 to, through and including, January 13, 2023, Plaintiff Okolie worked five (5) days per week at as follows at Taco Bell – Pitkin Ave., three (3) days per week, from 9:00 a.m. to  7:00 p.m. (*i.e.,* 10 hours per day) (*i.e.,* a "morning shift"), and two (2) days per week, from 3:00 p.m. to 2:00 a.m. (*i.e.,* 11 hours per day) (*i.e.,* an "evening shift"), for a total average period of approximately 52 hours during each of the weeks, respectively.

69.     From approximately October 2021 through and including November 2021,

Defendants paid Plaintiff Okolie $19.00 per hour.

70.     From approximately December 2021 through and including January 13, 2023 Defendants paid Plaintiff Okolie a flat salary of $1,050 per week, regardless of how many hours he worked.

71.     From October 1, 2021 to, through and including, November 31, 2021, Defendants had a policy and practice commonly known as "time shaving". Specifically, Defendants would only pay Plaintiff Okolie for some – but not all hours worked at "Taco Bell – Pitkin Ave." during this period, by forcing Plaintiff Okolie to "clock-out" an hour before the end of his scheduled shift.

72.     As a result, Plaintiff Okolie was forced to work off the clock, without pay, during this period.

73.     Plaintiff Okolie was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times their regular rate of pay for those hours.

74.     At all relevant times, Defendants did not pay Plaintiff Okolie at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

75.     Defendants did not provide Plaintiff Okolie a statement of wages, as required by NYLL 195(3).

76.     Defendants did not give any notice to Plaintiff Okolie of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

77.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Okolie regarding wages as required under the FLSA or NYLL.

78.     Defendants' failure to provide accurate wage notices and accurate wage statements

denied Plaintiff Okolie their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

79.     Moreover, the breach of the obligations injured Plaintiff Okolie by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

**FIRST CLAIM**
**(FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)**

23.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

24.     Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

25.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

26.     Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

27.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

28.     At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

29.     Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the

regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

30.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

31.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

32.     Due to Defendants' willful violations of the FLSA, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)**

33.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

34.     Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

35.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

36.     Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

**FOURTH CLAIM**
**(NYLL – Unpaid Overtime Wages)**

37.      Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

38.      Plaintiffs are covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

39.      Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

40.      Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

41.      Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

42.      Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

43.      Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

44.      The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

45.      In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

46.     Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

### SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

47.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

48.     With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

49.     As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter a judgment:

a.      declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

b.      declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

c.      declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

d.      declaring that Defendant violated the timely pay provisions of the NYLL;

e.      awarding Plaintiffs unpaid minimum wages;

f.      awarding Plaintiffs unpaid overtime wages;

g.      awarding unpaid wages under New York State law for failure to pay timely wages;

h.      awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

i.      awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

j.      awarding Plaintiffs pre- and post-judgment interest under the NYLL;

k.      awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

l.      Such other relief as this Court deems just and proper.

Dated: New York, New York
      June 30, 2023            Respectfully submitted,


            By:  /s/ Joshua Levin-Epstein_____
                  Joshua Levin-Epstein
                  Jason Mizrahi
                  Levin-Epstein & Associates, P.C.
                  60 East 42nd Street, Suite 4700
                  New York, New York 10165
                  Tel: (212) 792-0046
                  Email: Joshua@levinepstein.com
                  *Attorneys for the Plaintiffs*