UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MOHAMMMAD KAUSER, CALVIN GARNER,
RICHARD TODD, and PATRICK OKOLIE,           Case No. 22-cv-5121 (RPK) (LB)

                              Plaintiff,

          - against -                       **ANSWER TO FIRST AMENDED
                                            COMPLAINT**

MHF 5th Ave., LLC, and MHF Pitkin LLC
                    Defendants.
-------------------------------------------------------------X

Defendants MHF 5th Ave., LLC ("MHF") and MHF Pitkin LLC ("Pitkin") (collectively

as "Defendants"), by their attorneys Lewis Brisbois Bisgaard & Smith LLP, as and for their

Answer to the First Amended Complaint, allege as follows:

## NATURE OF ACTION

1.      Deny the allegations contained in paragraph 1, but admit that Plaintiffs purport to

proceed in the manner described therein.

2.      Deny the allegations contained in paragraph 2, but admit that Plaintiffs purports to

proceed in the manner described therein.

## JURISDICTION AND VENUE

3.      Deny the allegations contained in paragraph 3 and respectfully refer all questions

of law to the Court.

4.      Deny the allegations contained in paragraph 4, but admit Plaintiff purports to bring

claims under the FLSA and respectfully refer all questions of law to the Court.

5.      Deny the allegations contained in paragraph 5 and respectfully refer all questions

of law to the Court.

## THE PARTIES

127185234.2

**PLAINTIFF MOHAMMAD KAUSER**

6.      Deny the allegations contained in paragraph 6, except admit that Plaintiff worked at 1665 Pitkin Ave., Brooklyn, NY 11212 and 5118 5th Ave., Brooklyn, NY 11220.

7.      Deny the allegations contained in paragraph 7, except admit that Plaintiff worked from May 8, 2021 to May 9, 2022 at Pitkin and from May 10, 2022 to June 14, 2022 at MHF.

8.      Deny the allegations contained in paragraph 8 and respectfully refer all questions of law to the Court.

9.      Deny the allegations contained in paragraph 9 and respectfully refer all questions of law to the Court.

**PLAINTIFF CALVIN GARNER**

10.     Deny the allegations contained in paragraph 10, except admit that Plaintiff worked at 1665 Pitkin Ave., Brooklyn, NY 11212.

11.     Deny the allegations contained in paragraph 11, except admit that Plaintiff worked from August 30, 2021 to October 7, 2021.

12.     Deny the allegations contained in paragraph 12 and respectfully refer all questions of law to the Court.

13.     Deny the allegations contained in paragraph 13 and respectfully refer all questions of law to the Court.

**PLAINTIFF RICHARD TODD**

14.     Deny the allegations contained in paragraph 14, except admit that Plaintiff worked at 1665 Pitkin Ave., Brooklyn, NY 11212.

15.     Deny the allegations contained in paragraph 15, except admit that Plaintiff worked from April 7, 2021 to June 7, 2022.

16.     Deny the allegations contained in paragraph 16 and respectfully refer all questions of law to the Court.

17.     Deny the allegations contained in paragraph 17 and respectfully refer all questions of law to the Court.

**PLAINTIFF PATRICK OKOLIE**

18.     Deny the allegations contained in paragraph 18, except admit that Plaintiff worked at 1665 Pitkin Ave., Brooklyn, NY 11212 and 135-79th Street, Queens, NY 11414 (the "Queens location")..

19.     Deny the allegations contained in paragraph 19, except admit that Plaintiff worked from November 3, 2021 to December 21, 2021 at Pitkin as an hourly employee and from December 22, 2021 to early January 2023 at the Queens location as a General Manager.

20.     Deny the allegations contained in paragraph 20 and respectfully refer all questions of law to the Court.

21.     Deny the allegations contained in paragraph 21 and respectfully refer all questions of law to the Court.

**DEFENDANT MHF 5TH AVE., LLC**

22.     Defendant MHF denies the allegations contained in paragraph 22, but admits that MHF is domestic limited liability company in New York State and maintains a service of process address at 100 Menlo Park Mall, Suite 500, Edison, NJ 08837. Defendant Pitkin denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 22.

1.      Defendant MHF denies the allegations contained in paragraph 1. Defendant Pitkin denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 1.[1]

2.      Defendant MHF denies the allegations contained in paragraph 2. Defendant Pitkin denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 2.

3.      Defendant MHF denies the allegations contained in paragraph 3. Defendant Pitkin denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 3.

4.      Defendant MHF denies the allegations contained in paragraph 4. Defendant Pitkin denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 4.

5.      Defendant MHF denies the allegations contained in paragraph 5. Defendant Pitkin denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 5.

**DEFENDANT MHF PITKIN LLC**

6.      Defendant Pitkin denies the allegations contained in paragraph 6. Defendant MHF denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 6.

---

[1] Plaintiff's Complaint does not proceed in sequential numbers after paragraph 10 and restarts the paragraph numbers at 1. For the sake of clarify, Defendants adopt Plaintiff's paragraph numbering scheme.

7.      Defendant Pitkin denies the allegations contained in paragraph 7. Defendant MHF denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 7.

8.      Defendant Pitkin denies the allegations contained in paragraph 8. Defendant MHF denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 8.

9.      Defendant Pitkin denies the allegations contained in paragraph 9. Defendant MHF denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 9.

10.     Defendant Pitkin denies the allegations contained in paragraph 10. Defendant MHF denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 10.

11.     Defendant Pitkin denies the allegations contained in paragraph 11. Defendant MHF denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 11.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

12.     Deny the allegations contained in paragraph 12 and respectfully refer all questions of law to the Court.

13.     Deny the allegations contained in paragraph 13 and respectfully refer all questions of law to the Court.

14.     Deny the allegations contained in paragraph 14 and respectfully refer all questions of law to the Court.

15.     Deny the allegations contained in paragraph 15 and respectfully refer all questions of law to the Court.

16.     Deny the allegations contained in paragraph 16 and respectfully refer all questions of law to the Court.

17.     Deny the allegations contained in paragraph 17 and subsections a - g and respectfully refer all questions of law to the Court.

18.     Deny the allegations contained in paragraph 18.

19.     Deny the allegations contained in paragraph 19.

## FACTUAL ALLEGATIONS

### *Factual Allegations Pertaining Specifically to Plaintiff Kauser*

20.     Deny the allegations contained in paragraph 20 and respectfully refer all questions of law to the Court.

21.     Deny the allegations contained in paragraph 21, except admit that Plaintiff worked at 1665 Pitkin Ave., Brooklyn, NY 11212 and 5118 5th Ave., Brooklyn, NY 11220.

22.     Deny the allegations contained in paragraph 22, but admit that Plaintiff worked from May 8, 2021 to May 9, 2022 at Pitkin and from May 10, 2022 to June 14, 2022 at MHF.

23.     Deny the allegations contained in paragraph 23, but admit that Plaintiff worked from May 10, 2022 to June 14, 2022 at MHF.

24.     Deny the allegations contained in paragraph 24, but admit that Plaintiff was paid a regular hourly wage of at least $16.75 per hour for every hour worked under forty hours and the legally required overtime premium of one and one-half times the regular hourly wage for all hours worked over forty.

25.     Deny the allegations contained in paragraph 25, but admit that Plaintiff was paid a regular hourly wage of $17.50 per hour for every hour worked under forty hours and the legally required overtime premium of one and one-half times the regular hourly wage for all hours worked over forty.

26.     Deny the allegations contained in paragraph 26..

27.     Deny the allegations contained in paragraph 27.

28.     Deny the allegations contained in paragraph 28.

29.     Deny the allegations contained in paragraph 29.

30.     Deny the allegations contained in paragraph 30.

31.     Deny the allegations contained in paragraph 31.

32.     Deny the allegations contained in paragraph 32.

33.     Deny the allegations contained in paragraph 33.

34.     Deny the allegations contained in paragraph 34.

35.     Deny the allegations contained in paragraph 35.

*Factual Allegations Pertaining Specifically to Plaintiff Garner*

36.     Deny the allegations contained in paragraph 36 and respectfully refer all questions of law to the Court.

37.     Deny the allegations contained in paragraph 37, except admit that Plaintiff worked at 1665 Pitkin Ave., Brooklyn, NY 11212.

38.     Deny the allegations contained in paragraph 38, but admit that Plaintiff worked from August 30, 2021 to October 7, 2021 at Pitkin.

39.     Deny the allegations contained in paragraph 23, but admit that Plaintiff worked from May 10, 2022 to June 14, 2022 at MHF.

40.     Deny the allegations contained in paragraph 40.

41.     Deny the allegations contained in paragraph 41.

42.     Deny the allegations contained in paragraph 42.

43.     Deny the allegations contained in paragraph 43.

44.     Deny the allegations contained in paragraph 44.

45.     Deny the allegations contained in paragraph 45.

46.     Deny the allegations contained in paragraph 46.

47.     Deny the allegations contained in paragraph 47.

48.     Deny the allegations contained in paragraph 48.

49.     Deny the allegations contained in paragraph 49.

*Factual Allegations Pertaining Specifically to Plaintiff Todd*

50.     Deny the allegations contained in paragraph 50 and respectfully refer all questions of law to the Court.

51.     Deny the allegations contained in paragraph 51, except admit that Plaintiff worked at 1665 Pitkin Ave., Brooklyn, NY 11212.

52.     Deny the allegations contained in paragraph 52, but admit that Plaintiff worked from April 7 to June 7, 2022 at Pitkin.

53.     Deny the allegations contained in paragraph 53, but admit that Plaintiff was paid a regular hourly wage of at least $16.75 per hour for every hour worked under forty hours and the legally required overtime premium of one and one-half times the regular hourly wage for all hours worked over forty.

54.     Deny the allegations contained in paragraph 54, but admit that Plaintiff was paid a regular hourly wage of $16.75 per hour for every hour worked under forty hours and the legally required overtime premium of one and one-half times the regular hourly wage for all hours worked over forty.

55.     Deny the allegations contained in paragraph 55.

56.     Deny the allegations contained in paragraph 56.

57.     Deny the allegations contained in paragraph 57.

58.     Deny the allegations contained in paragraph 58.

59.     Deny the allegations contained in paragraph 59.

60.     Deny the allegations contained in paragraph 60.

61.     Deny the allegations contained in paragraph 61.

62.     Deny the allegations contained in paragraph 62.

63.     Deny the allegations contained in paragraph 63.

*Factual Allegations Pertaining Specifically to Plaintiff Okolie*

64.     Deny the allegations contained in paragraph 64 and respectfully refer all questions of law to the Court.

65.     Deny the allegations contained in paragraph 65, except admit that Plaintiff worked at Pitkin and the Queens location.

66.     Deny the allegations contained in paragraph 66.

67.     Deny the allegations contained in paragraph 67.

68.     Deny the allegations contained in paragraph 68.

69.     Deny the allegations contained in paragraph 53, but admit that Plaintiff was paid a regular hourly wage of at least $19.00 per hour for every hour worked under forty hours and the

legally required overtime premium of one and one-half times the regular hourly wage for all hours worked over forty from November 3 to December 21, 2021.

70. Deny the allegations contained in paragraph 70, but admit that Plaintiff was paid a salary as an exempt employee during his time as General Manager.

71. Deny the allegations contained in paragraph 71.

72. Deny the allegations contained in paragraph 72.

73. Deny the allegations contained in paragraph 73.

74. Deny the allegations contained in paragraph 74.

75. Deny the allegations contained in paragraph 75.

76. Deny the allegations contained in paragraph 76.

77. Deny the allegations contained in paragraph 77.

78. Deny the allegations contained in paragraph 78.

79. Deny the allegations contained in paragraph 79.

**FIRST CLAIM**
**(FLSA – Unpaid Minimum Wages, 29 U.S.C. §§ 201 *et seq.*)**

23. Repeat and incorporate by reference all of the responses to the allegations contained in all preceding paragraphs as if fully set forth herein.[2]

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq.*)**

---

[2] Plaintiff's Complaint again does not proceed in sequential numbers after paragraph 79 and restarts the paragraph numbers at 23. For the sake of clarify, Defendants adopt Plaintiff's paragraph numbering scheme.

27.     Repeat and incorporate by reference all of the responses to the allegations contained

in all preceding paragraphs as if fully set forth herein.

28.     Deny the allegations contained in paragraph 28.

29.     Deny the allegations contained in paragraph 29.

30.     Deny the allegations contained in paragraph 30.

31.     Deny the allegations contained in paragraph 31.

32.     Deny the allegations contained in paragraph 32.

### THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

33.     Repeat and incorporate by reference all of the responses to the allegations contained

in all preceding paragraphs as if fully set forth herein.

34.     Deny the allegations contained in paragraph 34.

35.     Deny the allegations contained in paragraph 35.

36.     Deny the allegations contained in paragraph 36.

### FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

37.     Repeat and incorporate by reference all of the responses to the allegations contained

in all preceding paragraphs as if fully set forth herein.

38.     Deny the allegations contained in paragraph 38.

39.     Deny the allegations contained in paragraph 39.

40.     Deny the allegations contained in paragraph 40.

41.     Deny the allegations contained in paragraph 41.

42.     Deny the allegations contained in paragraph 42.

### FIFTH CLAIM
### (NYLL WTPA – Failure to Provide Wage Notices)

43.     Repeat and incorporate by reference all of the responses to the allegations contained in all preceding paragraphs as if fully set forth herein.

44.     Paragraph 44 sets forth legal conclusions to which no response is required, but to the extent a response is required, deny and refer all questions of law to the Court.

45.     Deny the allegations contained in paragraph 45.

46.     Deny the allegations contained in paragraph 46.

## SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

47.     Repeat and incorporate by reference all of the responses to the allegations contained in all preceding paragraphs as if fully set forth herein.

48.     Deny the allegations contained in paragraph 48.

49.     Deny the allegations contained in paragraph 49.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state any claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff Okolie was paid properly as an exempt employee during his time as General Manager.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have suffered no damages or pecuniary loss attributable to actionable conduct by Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded in whole or part to the extent there was a failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of accord and satisfaction, ratification, confirmation and acquiescence.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are time-barred in whole or part.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants' acts were undertaken in good faith without reckless disregard for Plaintiffs' statutory rights, in compliance with and reliance on applicable laws, rules, regulations, rulings, approvals, interpretations and orders and with reasonable grounds for believing that their actions were in compliance with the law. Therefore, in the event Plaintiffs are due unpaid wages, which Defendants deny, Plaintiffs are not entitled to liquidated damages.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs were compensated beyond their actual entitlement, such additional compensation would satisfy in whole or part of the claims herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant, Defendants acted reasonably and in the proper and lawful exercise of their discretion and business judgment, and without intent to violate Plaintiffs' rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not covered by the statutes pursuant to which their claims are brought.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any premium and overtime pay Plaintiffs received during the course of their employment must be offset against any alleged liability asserted in the First Amended Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject in whole or part, to set-off.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of the compensation sought by Plaintiffs is not based on any compensable working time under the applicable statutes.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants did not breach any contractual, general, or other duty to Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

The alleged unpaid working time from Plaintiffs is *de minimis.*

## TWENTIETH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiffs resulted from, or were proximately caused by, the acts, omissions or other culpable conduct of third parties over whom Defendants had no control and not as a result of any conduct by Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiffs were caused in whole or in part, or were exacerbated by, Plaintiffs' own negligence, fraudulent, improper, unlawful and/or culpable conduct or omissions and, accordingly, Plaintiffs' claims are therefore barred or diminished in the proportion that such conduct or omissions bears to the total culpable conduct causing the alleged damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs were paid all wages to which they were entitled.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs were not employees of Defendants pursuant to the FLSA and NYLL.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

In the event Plaintiffs are deemed an employee of Defendants, which Defendants deny, Plaintiffs were exempt from the overtime provisions of the FLSA, and thus is not entitled to overtime compensation under federal law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent this court determines that Defendants failed to issue wage statements to Plaintiffs, all affirmative defenses set forth in the New York Wage Theft Prevention Act including, but not limited to, (i) Defendants having made complete and timely payment of all wages due and, (ii) Defendants having reasonably believed in good faith that they were not required to provide such statements, apply.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent this court determines that Defendants failed to issue wage notices to Plaintiffs, all affirmative defenses set forth in the New York Wage Theft Prevention Act including,

but not limited to, (i) Defendants having made complete and timely payment of all wages due and, (ii) Defendants having reasonably believed in good faith that they were not required to provide such notice, apply.

## DEMAND FOR A JURY TRIAL

Plaintiffs' demand for a jury trial does not require a response; however, Defendant objects to a trial by jury on any and all issues as to which a jury is not permitted as of right as a matter of law.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend this Answer and to assert such additional affirmative and/or separate defenses as are made known during discovery.

WHEREFORE, Defendants respectfully request that:

a.      The Court dismiss the First Amended Complaint in its entirety with prejudice;

b.      The Court award Defendants the costs and expenses incurred in connection with this  action, including reasonable attorneys' fees; and

c.      The Court grant such other and further relief as is just and proper.

Dated:   New York, New York
         July 26, 2023

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ Adam E. Collyer
Adam E. Collyer, Esq.
Dong Phuong Nguyen, Esq.
*Attorneys for Defendants*
77 Water Street, Suite 2100
New York, NY 10005
(212) 232-1300
Adam.Collyer@lewisbrisbois.com
Phuong.Nguyen@lewisbrisbois.com

127185234.2                              16

## CERTIFICATE OF SERVICE

Adam E. Collyer, an attorney duly admitted to practice before this Court, certifies that on July 26, 2023, he caused the Answer to be filed and served by ECF upon the attorneys of record for plaintiff.


       /s/ Adam E. Collyer
          Adam E. Collyer