# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

December 28, 2023

**_Via Electronic Filing_**
The Hon. Lois Bloom, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Kauser v. MHF 5th Ave., LLC et al*
        Case No.: 1:22-cv-05121-RPK-LB

Dear Honorable Magistrate Judge Bloom:

  This law firm represents Plaintiffs Mohammad Kauser, Patrick Okolie, Calvin Garner and Richard Todd (collectively, the "Plaintiffs") in the above-referenced action.

  Pursuant to Your Honors' Individual Motion Practice Rules, and the directives in Your Honor's December 26, 2023 Order, this letter respectfully serves to respond to the December 22, 2023 letter motion filed by Defendants MHF 5th Ave., LLC and MHF Pitkin LLC (together, the "Defendants"), seeking to compel Plaintiffs to "proceed with discovery and confirm" the deposition of Defendants' Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 30(b)(6) witnesses [Dckt. No. 42] (the "Defendants' December 22nd Letter Motion").

  Defendants are obfuscating their discovery violations by accusing Plaintiffs of putting form, over substance. *See., e.g.,* Dckt. No. 42 at ¶ 1 ("Plaintiffs have not identified a single specific deficiency in Defendants' supplement response and instead, lean on accusations of general, unspecified deficiencies"). This is a material misrepresentation of fact.

  As set forth more fully in Plaintiff's December 22, 2023 status letter [Dckt. No. 41]:

1. Defendants' production acknowledges the existence of other responsive information and documents, which are being withheld.

2. Defendants have refused to verify their responses to Plaintiffs' First Set of Interrogatories.

3. Defendants' responses were blanketed with improper general objections.

4. Defendants have refused to provide any substantive response in response to, *inter alia*, Interrogatories Nos., 4, 5, 7, 9, 10, 11, and 13. Instead, Defendants have reincorporated their improper general objections.

5. Defendants have refused to provide any substantive response in response to, *inter alia*, Document Requests Nos., 4, 6, 8, 9, 10, 11, 12, 13, 16, 17, 19, 20 and 22. Instead, Defendants have reincorporated their improper general objections.

Thus, at minimum, Plaintiffs have identified seven (7) specific interrogatories; and thirteen (13) specific document requests, that Defendants never properly responded to.

Defendants' December 22nd Letter Motion inexplicably fails to address *any* of the specific deficiencies itemized in Plaintiff's four (4) page December 22, 2023 status letter [Dckt. No. 41].

The law is clear. District courts in this Circuit have found that "[a] [party's] failure to respond to contentions raised in a motion…constitute an abandonment of those claims." *Youmans v. Schiro*, 2013 WL 6284422, at *5 (S.D.N.Y. 2013); *Bonilla v. Smithfield Assocs. LLC*, 2009 WL 4457304, at *4 (S.D.N.Y. 2009) (Dismissing certain claims where the plaintiff failed to respond to the defendant's arguments.); *Anti–Monopoly, Inc. v. Hasbro, Inc*., 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue…which provides an independent basis for dismissal."), *aff'd*, 130 F.3d 1101 (2d Cir. 1997).

Plaintiff's December 22, 2023 status letter [Dckt. No. 41] provides detailed examples of how Defendants totally ignored certain interrogatories. For example, section 1 of the December 15th Letter purports to respond to interrogatories nos. 7 and 9 by "identifying managers and supervisors of both defendants."

However, the *actual* interrogatories nos. 7 and 9 requested Defendants to identify:

- 7(a). all persons who were managers or assistant managers at each of the worksites where Plaintiffs performed work

- 7(b). all persons who were employees at each of the worksites where Plaintiffs performed work at the time they performed it.

- 9. the names, addresses and telephone numbers of all individuals who were or currently are shareholders, equity owners, managers, directors or supervisors of each corporate Defendant.

Defendants have no justification for completely refusing to answer specific requests, and for obfuscating their discovery deficiencies. Defendants are sophisticated businessmen. For years, they have operated multiple "Taco Bell" franchises in New York. They have retained experienced counsel, who know better than to totally disregard their discovery obligations under Fed.R.Civ.P. 33 and 34. Respectfully, enough is enough.

Plaintiffs are unable to complete the depositions of Defendants 30(b)(6) witnesses, until the Defendants cure the deficiencies in their responses to Plaintiffs' Discovery Requests.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

                              LEVIN-EPSTEIN & ASSOCIATES, P.C.

                              By:   */s/ Jason Mizrahi*
                                      Jason Mizrahi
                                      60 East 42nd Street, Suite 4747
                                      New York, NY 10170
                                      Tel. No.:  (212) 792-0048
                                      Email: Jason@levinepstein.com
                                      *Attorneys for Plaintiffs*

VIA ECF: All Counsel


Encl.