# LEVIN-EPSTEIN & ASSOCIATES, P.C.
___
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

April 12, 2024

*Via Electronic Filing*
The Hon. Rachel P. Kovner, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Kauser v. MHF 5th Ave., LLC et al*
              Case No.: 1:22-cv-05121-RPK-LB

Dear Honorable Judge Kovner:

      This law firm represents Plaintiffs Mohammad Kauser, Patrick Okolie, Calvin Garner and Richard Todd (collectively, the "Plaintiffs") in the above-referenced action.

      Pursuant to Your Honor's Individual Motion Practice Rule IV(A)(3), the instant letter respectfully serves to respond to the pre-motion conference letter filed by Defendants MHF 5th Ave., LLC and MHF Pitkin LLC (together, the "Defendants") on March 15, 2024 [Dckt. No. 46] (the "Pre-Motion Conference Letter").

      As set forth more fully below, Defendants' contemplated motion for summary judgment is doomed to fail given that Defendants have not – and cannot – satisfy their initial burden of "demonstraing the absence of a genuine issue of material fact"[1] as to whether: (i) Plaintiffs were paid for all hours worked; (ii) Plaintiffs were exempt managerial employees; or (iii) Defendants have violated §§ 195(3) and 195(1) of the New York State Labor Law ("NYLL").

### I. Standard of Review

      Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020). "A fact is material if it might affect the outcome of the suit under the governing law." *Ibid*. The movant bears the burden of "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### II. Legal Argument

#### A. Defendants Have Failed to Demonstrate the Absence of a Genuine Issue of Material Fact as to Whether Plaintiffs Were Paid for all Hours Worked

      Defendants' Pre-Motion Conference Letter inexplicably omits the critical facts concerning Defendants' illegal time-shaving and off-the-clock work policies.

---
[1] *See Mendez v. MCSS Rest. Corp.*, 564 F.Supp. 3d 195, 204 (E.D.N.Y. 2021) (citations and quotations omitted).

1

Throughout the relevant period, Defendants had a policy and practice commonly known as "time shaving". Specifically, Defendants would only pay Plaintiffs for some – but not all hours worked, by: (i) forcing Plaintiffs to "clock-in" approximately thirty (30) minutes after they actually started working, and by: (ii) forcing Plaintiffs to "clock-out" one (1) to two (2) hours, before they actually stopped working. Plaintiffs were also expected to perform off-the-clock work, in attending mandatory training sessions throughout their employment and having to work through their meal breaks.

At each of their depositions, Plaintiffs testified – at length – regarding Defendants' illegal time-shaving and off-the-clock work policies. [*See, e.g.,* 2023-1016 Kauser Depo. Trans. at 42:24-25-43:2-9, 54:16-25-55:2-24; 96:19-25-97:2-21; 102:20-25-104:2-16; 111:13-25-112:2-13; *see also* Garner Depo. Trans. at 58:6-23; 60:9-25-61:2-21; 64:2-25; 67:16-25; 85:6-25; 86:2-25; 88:2-25; 99:2-21; 122:12-25; *see also* Todd Depo. Trans. at 50:9-23; 53:3-23; 60:8-25; 61:8-25-62:2-9; 90:10-19; 91:2-12; 92:2-12; 108:3-25-109:2-6; 114:2-18; *see also* 2023-1107 Kauser Depo. Trans. at 29:17-25; 43:5-22; 54:2-23; 64:3-23; 69:3-24; 70:3-21; *see also* Okolie Depo. Trans. at 63:2-17; 69:15-24; 75:21-25-76:2-23; 83:2-20; 84:4-18; 85:19-25-86:2-24; 87:7-19; 89:5-20; 104:13-25].

Summary judgment should be denied, given that there remains a genuine dispute as to whether Plaintiffs were required to: (i) "clock-in" later than when they had actually started working; (ii) "clock-out" before they had actually stopped working; (iii) attend mandatory training sessions; and (iv) work through their meal breaks, off-the-clock. *See, e.g., Emily Wu v. Queens Blossom Corp.,* 2021 WL 2827309, at *4 (E.D.N.Y. 2021) (denying motion for summary judgment, in part, where defendants failed to satisfy their burden of demonstraing absence of material facts); *Cardenas v. Edita's Bar & Rest., Inc.*, 2021 WL 4480570, at *11 (E.D.N.Y. 2021) (same outcome).

### B. Defendants Have Failed to Demonstrate the Absence of a Genuine Issue of Material Fact as to Whether Plaintiffs Were Exempt Managerial Employees

Defendants argue that the discovery has indisputably demonstrated that Plaintiffs were exempt from the FLSA and NYLL under the administrative and / or executive exemptions. This is simply not true.

#### i.   The Administrative Exemption

For the FLSA's administrative exemption to apply, an employee: (i) must be compensated on a salary or fee basis of at least $684 per week; (ii) have primary duties that are non-manual in nature, directly related to the management of the business enterprise; and (iii) have primary duties that include the exercise of discretion and independent judgment with respect to matters of significance. 29 CFR § 541.200.

The salary thresholds under the NYLL are significantly larger than the FLSA. *See* NYCRR § 146–3.2(c) (salary minimum of $1,125 per week, in 2019-2023).

#### ii.   The Executive Exemption

For the FLSA's executive exemption to apply, an employee: (i) must be compensated on a salary or fee basis of at least $684 per week; (ii) is primary responsible for the management of the

business enterprise; (iii) must regularly direct the work of two or more other employees; and (iv) has the authority to hire or fire other employees. 29 C.F.R. § 541.100(a).

The salary thresholds under the NYLL are significantly larger than the FLSA. *See* NYCRR § 146–3.2(c) (salary minimum of $1,125 per week, in 2019-2023).

### iii. Defendants Have Failed to Demonstrate the Absence of a Genuine Issue of Material Fact as to Whether Either Exemption Applies

An employee will be deemed to be "paid on a 'salary basis'" as used in 29 C.F.R. § 541.200, if an employee's weekly earnings are "not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). The same principle applies to the NYLL. *Rivera v. Anjost Corp*., 645 Fed Appx 30, 31 (2d Cir. 2016). Even if the employee receives more than the salary threshold, per week, if there is no evidence that the employee was guaranteed that amount, he does not meet the salary basis test. *Erdemir v. Allstate Marble & Granite, Kitchens and Baths Inc.*, 2023 WL 8270891, at *18 (E.D.N.Y. 2023)

Defendants' Pre-Motion Conference Letter has not attempted to – not cannot – dispute the fact that Plaintiffs were paid on an hourly basis, not a salary basis.[2] Nor have Defendants disputed that Plaintiffs' primary duties consisted of "working the line[,]" at the Taco Bell Locations, *i.e.,* cooking fast-food. *See* § II(A) at ¶ 2, *supra*.

### C. Defendants Have Failed to Demonstrate the Absence of a Genuine Issue of Material Fact as to Whether Plaintiffs Received Proper Wage Notices and Wage Statements

Defendants argue that: (i) because Plaintiffs were paid for all hours worked; and / or (ii) because Plaintiffs are exempt, then Defendants have not violated the NYLL's WTPA. For the reasons set forth more fully in §§ II(A) and (B), *supra*, this argument is doomed to fail.

### III. Defendants' Contemplated Motion for summary judgment is a Tremendous Waste of Time, and Resources

Defendants have not – and cannot – negate the evidence in Plaintiffs' deposition testimony and documentary record, which support Plaintiffs' time-shaving and off-the-clock work claims. Nor have Defendants seriously argued that: (i) each Plaintiffs was paid on ***a flat, salary basis***; and (ii) Plaintiffs' primary duties consisted of cooking fast-food. Defendants' failure to carry their *prima facie* burden, militates against the denial of a contemplated motion for summary judgment. *Nick's Garage, Inc. v. Progressive Cas. Ins. Co*., 875 F.3d 107, 114 (2d Cir. 2017).

Defendants stand to gain nothing by engaging in costly, piecemeal litigation.

Thank you, in advance, for your time and attention to this matter.

---

[2] With respect to Plaintiff Okolie's employment from December 1, 2021 to, through and including January 13, 2023, he was paid a flat salary of $1,050 per week, *i.e.,* less than the NYLL's threshold of $1,125. He was also primarily responsible for cooking fast-food.

      Respectfully submitted,

      LEVIN-EPSTEIN & ASSOCIATES, P.C.

      By: */s/ Jason Mizrahi*
           Jason Mizrahi
           60 East 42nd Street, Suite 4700
           New York, NY 10165
           Tel. No.:  (212) 792-0048
           Email: Jason@levinepstein.com
           *Attorneys for Plaintiff*

VIA ECF: All Counsel